UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUL 10 2013
Clerk, U.S. District and
Bankruptcy Courts

ROBERT DAVID NEAL, )
) 
Plaintiff, )
)
v. ) Civil Action No. 13-1046
)
THE FEDERAL BUREAU OF PRISONS, )
)
Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. Notwithstanding the Court's obligation to construe a *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Plaintiff states that, on October 16, 2012, he mailed to the Federal Bureau of Prisons ("BOP") a "request for an official Agency Determination Letter . . . demanding a response thereto within 30 days of its receipt." Compl. ¶ 2.[1] Generally, plaintiff objects to his "continuing unlawful and illegal imprisonment/detention" in the BOP's custody because the BOP does not "have care, custody, and control of a genuine copy of the 'order of commitment', a separate and distinct document from the 'Judgment in a Criminal Case', with an endorsed return

---

[1] The Court construes plaintiff's "Claim for Judicial Review" as a civil complaint.

thereon pursuant to 18 USC § 3621(c), under the court's seal and clerk's signature thereof, prusuant [sic] to 28 USC § 1691 . . . ." *Id.*, Ex. (Letter to Kathleen M. Keeney from plaintiff dated October 16, 2012). Apparently he deems the BOP's failure to respond to his demand letter "a conclusive admission that the [BOP] has absolutely no . . . jurisdictional authority . . . to continue [plaintiff's] imprisonment/detention." *Id.* Plaintiff demands amendment of the BOP's "official agency records in accordance with 5 [U.S.C.] § 552a(e)(5) . . . to reflect the facts conclusively established in [the] attached Agency Determination Letter." Compl. ¶ 7(b).

Wholly absent from plaintiff's submission is any credible basis for concluding that his conviction or current incarceration is unlawful. He pled guilty to multiple counts of wire fraud and now is serving a term of incarceration. *See United States v. Neal*, 294 F. App'x 96 (5th Cir. 2008) (per curiam) (affirming convictions and 327-month prison sentence); *see also Neal v. United States*, No. 12-368, 2013 WL 1715779, at *1 (Fed. Cl. Apr. 19, 2013) (rejecting plaintiff's damages claim under 28 U.S.C. § 1495 for alleged unjust imprisonment because he "has not provided the necessary certificate of innocence"). Therefore, any civil claim arising from his conviction and sentence is necessarily without merit.[2] This complaint is frivolous and it must be dismissed. *See* 28 U.S.C. §§ 1915(e)(1)(B)(i), 1915A(b)(1). An Order consistent with this Memorandum Opinion is issued separately.

United States District Judge

DATE: 6/26/2013

---

[2] Moreover, even construed as a Privacy Act claim, plaintiff's claim would fail. His judgment and commitment order would be kept in his Inmate Central File contained within a system of records that is exempt from the Act's amendment provisions. *See, e.g., Allmon v. Fed. Bureau of Prisons*, 506 F. Supp. 2d 1, 6-7 (D.D.C. 2009); *House v. Gutierrez*, No. 04-1796, 2005 WL 405449, at *3 (D.D.C. Feb. 18, 2005); *see also* 28 C.F.R. § 16.97(j).